IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JORGE H. NIEVES, on behalf of the Estate of Jesaias Hiram Nieves (Deceased), § § § § | |
| Plaintiff, § | Civil Action No. 3:23-CV-1468-D |
| § § | |
| VS. § § | |
| UBER TECHNOLOGIES, INC., et al., § § | |
| Defendants. § § | |

MEMORANDUM OPINION
AND ORDER

This is a removed action brought by plaintiff Jorge H. Nieves ("Nieves") on behalf of the estate of his deceased son, Jesaias Hiram Nieves ("Jesaias"), against defendants Uber Technologies, Inc. ("Uber"), Roger Clifford ("Roger"), Brittany S. Clifford ("Brittany"), and Adrien Javon Grant ("Adrien") for negligence, spoliation of evidence, wrongful death, and survival claims under Texas law. Uber removed the case based on diversity of citizenship, and Nieves has filed two motions to remand, the first of which is now ripe for decision.[1] For the reasons that follow, the court grants Nieves' motion and remands this case to state court.

I

In his state-court original petition and his first amended complaint, Nieves alleges that until early January 2022 his son, Jesaias, was in a romantic relationship with defendant

---

[1] Nieves filed a second motion to remand on August 5, 2024. Although that motion is not yet ripe, this court is obligated to remand "i[f] at any time before final judgment it appears that the district court lacks subject matter jurisdiction[.]" 28 U.S.C. § 1447(c).

Brittany. The pair had met in Florida, but Brittany had invited Jesaias to move to Texas with her. During their relationship, Jesaias and Brittany lived with Brittany's parents, defendant Roger and nonparty Pamela Diane Garcy, at their home in Plano, Texas.

Sometime in January 2022, Jesaias and Brittany broke up. Shortly thereafter, on January 16, 2022, Jesaias allegedly traveled with defendant Adrien in an Uber to the Cliffords' home. Adrien then killed Jesaias by shooting him twice in the head in the driveway. Adrien afterwards allegedly called another Uber and fled the scene. Although the gun used to kill Jesaias was never found, a box of ammunition matching the shell casings used in the shooting allegedly was found inside the Cliffords' home.

On June 20, 2023 Nieves filed this lawsuit in state court, alleging negligence, gross negligence, spoliation of evidence, wrongful death, and survival claims against Uber, Roger, Brittany, and Adrien. On July 3, 2023, before any of the defendants was served with process, Uber filed an answer and removed the case to this court based on diversity of citizenship. Uber asserted in the notice of removal that Nieves was a Florida citizen and that Uber was a citizen of Delaware and California. In the three weeks that followed, all three individual defendants—all of whom are Texas citizens—were served with process in state court.

On July 8, 2024 Nieves filed the instant motion to remand, asserting that removal was improper because the parties are not completely diverse citizens. He contended that he should be considered a Texas citizen because he is suing as the legal representative of Jesaias' estate and Jesaias was a Texas citizen. Nieves thus maintained that the parties were not completely diverse because the individual defendants are also Texas citizens. Uber

opposed the motion, asserting that Nieves had failed to provide the requisite proof that he is the legal representative of Jesaias' estate and that Jesaias was domiciled in Texas at the time of his death. Nieves has not responded to these contentions.

On July 17, 2024 the court ordered Uber to file an amended notice of removal that properly pleaded Nieves' citizenship, as opposed to alleging only his state of residence. The court stated in its order that Uber's failure to properly allege diversity of citizenship would result in remand. Uber timely filed an amended notice of removal, which alleged the following concerning Nieves' citizenship: "By Plaintiff's own allegation, Plaintiff is a resident of St. Cloud, Florida[.]" ECF No. 7, at 3 (citing Pet. ¶ 2).

On August 5, 2024 Nieves and Uber stipulated to dismissal of Nieves' claims against Uber under Fed. R. Civ. P. 41(a)(1)(A)(ii). Roger and Brittany oppose the stipulation of dismissal on the ground that it does not comply with Rule 41(a)(1)(A)(ii)'s requirement that a stipulation of dismissal be "signed by all parties who have appeared" in the action.

Also on August 5, 2024, Nieves filed a second motion to remand, *see supra* note 1, which assumes that Uber has been dismissed from the case. The motion also asserts once again that Nieves should be considered a Texas citizen for purposes of this suit and that the fact that the individual defendants are Texas citizens means that the parties are not completely diverse.

II

A

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by

statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. U.S. Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[W]hen the alleged basis for jurisdiction is diversity of citizenship, the district court must be certain that the parties are in fact diverse before proceeding to the merits of the case." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988) (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548-49 (5th Cir. Unit A Dec. 1981)). "If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants." *Id.* at 1258 (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806) (explaining the requirement of complete diversity)).

"The burden of pleading the diverse citizenship is upon the party invoking federal jurisdiction, . . . and if the diversity jurisdiction is properly challenged, that party also bears the burden of proof[.]" *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (internal citations omitted); *see Getty Oil*, 841 F.2d at 1259 (citing *Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986)) ("The burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). A district court must remand an action removed on the purported basis of diversity jurisdiction if the removing defendant does not carry this burden. *See* 28 U.S.C. § 1447(c).

The diversity jurisdiction statute provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). "It therefore doesn't matter where the [legal representative himself is]

-4-

domiciled," because a legal representative's allegation in his state-court original petition that he resides in a particular state "tells the Court nothing about [his] citizenship." *Villamil v. Fayrustin*, ___ F.Supp.3d ___, 2024 WL 1664791, at *5 (W.D. Tex. Apr. 17, 2024) (footnotes omitted). Instead, "what matters for jurisdictional purposes is where *Decedent* was domiciled at the time of [his] death." *Id.* (footnote omitted) (emphasis in original).

B

Here, no party seeking to invoke this court's jurisdiction has carried the burden of proving complete diversity. In Uber's notice of removal and amended notice of removal, it alleges that Nieves is domiciled in Florida. But in his motion to remand, Nieves properly challenges this allegation, asserting that because he is bringing this action in his capacity as the legal representative of Jesaias' estate rather than in his individual capacity, and because Jesaias was domiciled in Texas at the time of his death, he should be considered a Texas citizen for purposes of this suit. The burden is therefore on any defendant invoking this court's diversity jurisdiction to prove that, for purposes of this suit, Nieves should be considered a Florida citizen rather than a Texas citizen. No defendant has presented such proof.

Given the failure of any party with the burden of proof to establish complete diversity of citizenship, this court does not have jurisdiction, and the case must be remanded. *See* 28 U.S.C. 1447(c).

\* \* \*

Accordingly, for the reasons explained, the court grants Nieves' July 8, 2024 motion to remand. The court concludes that it lacks subject matter jurisdiction and, pursuant to 28 U. S.C. § 1447(c), it remands this case to the 192nd Judicial District Court of Dallas County, Texas. The clerk of court shall effect the remand according to the usual procedure.[2]

**SO ORDERED**.

August 14, 2024.

                                                     _____
                                                     SIDNEY A. FITZWATER
                                                     SENIOR JUDGE

---

[2]All motions other than Nieves' July 8, 2024 and August 5, 2024 motions to remand remain pending for decision as the state court may direct.